IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 23-CR-196-JFH

JUAN ANTONIO DURAN,

Defendant.

**Plea Agreement**

The United States of America, by and through Clinton J. Johnson, United States Attorney for the Northern District of Oklahoma, and John Brasher and Kenneth Elmore, Assistant United States Attorney, and the defendant, JUAN ANTONIO DURAN, in person and through counsel, Jason Perkins, respectfully inform the Court that they have reached the following plea agreement.

1. **Plea**

The defendant agrees to enter voluntary pleas of guilty to the following:

**COUNT ONE: 18 U.S.C. §§ 933(a)(1), 933(a)(3), and 933(b) – Firearms Trafficking**

**COUNT ~~FOUR~~ TWO: 18 U.S.C. § 932(b) and 932(c)(1) – Straw Purchasing a Firearm**

as set forth in the Superseding Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

2. **Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a. the right to be indicted if proceeding by Information;

b. the right to plead not guilty;

c. the right to be tried by a jury, or, with the consent of the government, to be tried by a judge;

d. the right to an attorney at trial, including a court-appointed attorney if the defendant could not afford an attorney;

e. the right to assist in the selection of the jury;

f. the right to be presumed innocent, and to have the jury instructed that the government bears the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g. the right to confront and cross-examine witnesses against the defendant;

h. the right to testify on their own behalf and present witnesses in their defense;

i. the right not to testify, and to have the jury instructed that the decision not to testify could not be used against the defendant;

j. the right to appeal a guilty verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

k. the right to have a jury determine beyond a reasonable doubt any facts that could increase any mandatory minimum or maximum sentence; and

l. any rights and defenses under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that they may have to answer questions posed by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

3. **Appellate and Post-Conviction Waiver**

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a. The defendant waives rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal the conviction and sentence, including any fine, assessment, forfeiture, restitution order, term or condition of supervised release, or sentence imposed upon a revocation of supervised release; except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b. The defendant expressly acknowledges and agrees that the government reserves all rights to appeal the sentence;

c. The defendant waives the right to appeal from the district court's denial of any post-conviction motion to reduce the term of supervised release or probation under 18 U.S.C. §§ 3583(e)(1) or 3564(c); and

d. The defendant waives the right to collaterally attack the conviction and sentence under 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

JUAN ANTONIO DURAN

4. **Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

5. **Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all the rights afforded under Rule 11(f) of the Federal Rules of Criminal Procedure. Therefore, in any subsequent proceeding, including a criminal trial, the following shall be admissible against the defendant under Rule 801(d)(2)(A) of the Federal Rules of Evidence:

a. A guilty plea which is later withdrawn or that the defendant seeks to withdraw;

b. The facts that the defendant has admitted under this plea agreement, as well as any facts to which the defendant admits in open court at the plea hearing, and any statement made in any proceeding under Rule 11 regarding this plea agreement; and

c. Any statement made during plea discussions with an attorney or agent for the government, or that were made pursuant to a proffer letter agreement, that resulted in a plea of guilty that is later withdrawn.

6. **Payment of Monetary Penalties**

a. *Enforcement*

1) The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

2) The defendant understands and agrees that under 18 U.S.C. § 3613 any monetary penalties or restitution imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

3) The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court.

4) The defendant agrees that any unpaid obligations will be submitted to the United States Treasury for offset, so that any federal payment or transfer of returned property the defendant receives may be applied to federal debts and will not be limited by a payment schedule.

5) The defendant agrees that any restitution debt may not be discharged in any bankruptcy proceeding.

b. *Disclosure of Financial Information*

1) The defendant agrees to provide complete information regarding all victims potentially entitled to restitution.

2) The defendant agrees to provide truthful and complete financial information, as requested by the United States Probation Office for the preparation of the presentence report.

3) The defendant agrees to complete, under penalty of perjury, the required financial statement form not later than two weeks after the defendant enters a guilty plea. The defendant agrees to update any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

4) The defendant agrees to submit, before and after sentencing, to depositions and interviews regarding the defendant's financial status, as deemed necessary by the United States Attorney's Office.

5) The defendant authorizes the United States Attorney's Office to obtain the defendant's credit report. The defendant also agrees to provide waivers, consents, or releases, valid for 120 days after sentencing, to allow the U.S. Attorney's Office to access records to verify financial information.

6) The defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

7) The defendant's failure to timely and accurately complete and sign the financial statement, and any necessary updates, may, in addition to any other penalty or remedy, constitute a failure to accept responsibility under U.S.S.G § 3E1.1.

8) The defendant agrees to pay the special assessment within 10 days of sentencing and to provide proof of that payment.

**7. Special Assessment**

The defendant hereby agrees to pay the total Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the sentencing hearing or as otherwise directed by the District Court.

**8. Factual Basis and Elements**

To convict defendant under 18 U.S.C. §§ 933(a)(1), 933(a)(3), and 933(b), the government must prove the following elements beyond a reasonable doubt:

1. That the defendant knowingly agreed or conspired with at least one other person to ship, transport, transfer, cause to be transported or dispose of a firearm to another person in or otherwise affecting interstate commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearms by the recipient would constitute a felony, to wit 18 U.S.C. § 922(a)(5)- transferring a firearm to an out of state resident;





J.D
Defendant's Initials

2. That the defendant knew of the unlawful purpose of the agreement and joined in it willfully, that is, with intent to further its unlawful purpose.

3. There was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

The elements of 18 U.S.C. § 922(a)(5) are:

1. Neither the defendant nor the recipient of the firearm(s) were licensed importers, manufactures, dealers, or collectors;
2. The defendant willfully transferred the firearm(s) to another person; and
3. The defendant knew or had reasonable cause to believe that the person to whom he transferred the firearm resided in a state other than the defendant's state of residence.

United States v. Tyson, 653 F.3d 192, 205 (3d Cir. 2011)

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

To convict defendant under 18 U.S.C. § 932(b) and 932(c)(1), the government must prove the following elements beyond a reasonable doubt:

1. That the defendant knowingly purchased a firearm;
2. That the purchase of the firearm was in or otherwise affecting interstate commerce;
3. That the purchase of the firearm was made on behalf of, or at the request or demand of another person; and
4. That the defendant knew or had reasonable cause to believe that the person he was purchasing the firearm for was/intended to use, carry, possess, or sell or

otherwise dispose the firearm in furtherance of a felony to wit: 18 U.S.C. § 922(a)(5) - transferring a firearm to an out of state resident;.

The elements of 18 U.S.C. § 922(a)(5) are:

1. Neither the defendant nor the recipient of the firearm(s) were licensed importers, manufactures, dealers, or collectors;

2. The defendant willfully transferred the firearm(s) to another person; and

3. The defendant knew or had reasonable cause to believe that the person to whom he transferred the firearm resided in a state other than the defendant's state of residence.

United States v. Tyson, 653 F.3d 192, 205 (3d Cir. 2011)

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, JUAN ANTONIO DURAN, admits to knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crimes alleged in Counts One and Four in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crimes.

> I, JUAN ANTONIO DURAN, admit that from October of 2022, through May of 2023, I was part of a firearms trafficking group that consisted of Cesar David LOPEZ, Jose Nicolas FLORES and others. The purpose of the group was to acquire Barrett .50 caliber rifles and other large caliber rifles, including a FN Scar .308, from across the United States, bring them to Tulsa, Oklahoma, to be repackaged to help facilitate the firearms being sent out of state to others.





J.D
Defendant's Initials

I had purchased numerous firearms for this purpose and was worried about alerting law enforcement, so I conspired with others to purchase firearms for other people with money I was provided. For each of the following dates, before we entered the store, I gave a large sum of cash to other members of the group to pay for the rifles. I knew they filled out the ATF paperwork for the rifles and indicated on the form that they were the intended transferee/buyer of the firearms. I knew they were not and they filled out the paperwork at my direction for the following dates.

On October 22, 2022, I went with LOPEZ to Sports World, in Tulsa Oklahoma, a licensed firearms dealer. I gave LOPEZ a sum cash and directed him to purchase a FN Scar .308 caliber rifle. I took possession of the firearm and facilitated it being illegally transferred to others in Texas.

On December 3, 2022, I traveled with LOPEZ from Tulsa to Ft. Worth, Texas, to pick up a large amount of cash to purchase firearms for others. On December 5, 2022, we drove from Tulsa, Oklahoma, to Grimes, Iowa. We went to Battle Hawk Armory, a licensed firearms dealer, for the purpose of purchasing Barrett .50 caliber rifles. LOPEZ and I drove the rifles back to Tulsa, Oklahoma. We repackaged the rifles and then drove them to Ft. Worth, Texas. We delivered the rifles to a male in a black pickup truck who was not a licensed importer, manufacture, dealer or collector.

On December 7, 2022, LOPEZ and I drove from Tulsa, Oklahoma back to Battle Hawk Armory in Grimes, Iowa. I gave LOPEZ a sum of cash to purchase one Barret .50 caliber rifle. We drove the rifle back to my house in Tulsa, Oklahoma, to conceal it until the rifle could be transferred to other out of state people.

In April of 2023, LOPEZ, FLORES and I drove from Tulsa, Oklahoma to Battle Hawk Armory in Grimes, Iowa. I gave LOPEZ a sum of cash to purchase three Barrett .50 caliber rifles. ~~I~~ Lopez filled out the ATF paperwork indicating that ~~I~~ Lopez was the intended transferee/buyer of the firearms. I knew I was not. We drove the rifles back to my house in Tulsa, Oklahoma to be repackaged. We then drove the four firearms to Ft. Worth, Texas to give them to another person. That person did not show up so we drove the four firearms back to Tulsa, Oklahoma. I was directed by someone speaking in Spanish to deliver the four firearms to a house in Tulsa. We loaded the firearms into a car and delivered them to a house in Tulsa as directed by the person on the phone.

I am not a licensed importer, manufacture dealer or collector and I knew that the recipient of the firearms that I transferred to others in Texas and elsewhere were also not a licensed importers, manufactures, dealers or collectors.

JUAN ANTONIO DURAN
Defendant

04NOV24
Date

9. **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Indictment. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the government before the date of this agreement or occurring after the date of this agreement.

**Dismissal of Remaining Counts**

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made and accepts the pleas, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any time, any charges that have been dismissed may be reinstated or re-presented to a grand jury, and the government will be free to prosecute the defendant for all charges. Under these circumstances, the defendant waives any right to argue that the Double Jeopardy clause bars the defendant's federal prosecution, as well as any objections, motions, or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the timeliness of any renewed charges.

**10. Acceptance of Responsibility**

Provided the defendant clearly demonstrates acceptance of responsibility, the government agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The government agrees to file a motion recommending that the Court grant an additional one-level reduction under U.S.S.G. § 3E1.1(b), if the defendant's Guidelines offense level qualifies him for such a reduction. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court will ultimately decide whether to apply any § 3E1.1 reduction for timely acceptance of responsibility.



J.D
Defendant's Initials

Any agreement to recommend an acceptance-of-responsibility reduction is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the government. If the defendant (1) falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, (2) falsely denies or frivolously contests conduct that the Court determines to be relevant conduct as defined in USSG § 1B1.3, (3) willfully obstructs or attempts to obstruct or impede the administration of justice as defined in USSG § 3C1.1, (4) perpetrates or attempts to perpetrate crimes while awaiting sentencing, or (5) advances false or frivolous issues in mitigation, the government expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

**11. <u>Sentence</u>**

*a. Imprisonment*

The defendant acknowledges that under 18 U.S.C. §§ 933(a)(1), 933(a)(3), and 933(b) the maximum statutory sentence is 15 years of imprisonment and a fine of not more than $250,000.

The defendant acknowledges that under 18 U.S.C. § 932(b) and (c)(1) the maximum statutory sentence is 15 years of imprisonment and a fine of not more than $250,000.

*b. Supervised Release*

Additionally, the defendant is aware, if imprisonment is imposed, that the Court may include as part of the sentence a requirement that after imprisonment the defendant be placed on a term of supervised release of no more than three years.

Violation of any condition of supervised release may result in revocation, or modification of the conditions, of supervised release, which may in turn result in additional incarceration consistent with 18 U.S.C. § 3583(e).

*c. Guidelines*

The defendant is aware that the Sentencing Guidelines are advisory. The Court, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing.

The defendant is further aware that the Court determines the sentence, that the Court has not yet done so, and that any estimate of the sentence – received from any source – is a prediction, not a promise. Regardless of any estimate the defendant has received, the Court has discretion to impose any sentence up to and including the statutory maximum.

**12. Stipulations**

The defendant and the United States agree and stipulate to the following facts:

a. Pursuant to F.R.C.P. Rule 11 (c)(1)(B), the parties agree to jointly recommend that at the time of sentencing, the attorney for the government will recommend a sentence of 80 months for all counts, to run concurrently with each other and the case out of the Northern District of Alabama, 24-CR-0002-LSC. The

JP JD JFB





J.D
Defendant's Initials

parties have considered various factors in fashioning this sentence, including the facts of this case and strength of the evidence, trial risk for both the government and the defendant, the defendant's acceptance of responsibility, the strength of the evidence, judicial economy, and the interests of justice. This agreed sentence is within the anticipated guidelines. It is understood that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, either as to questions of fact or as to determination of the correct advisory sentencing guideline calculation.

Having been fully apprised by defense counsel of the right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

**13. Limitations**

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

**14. Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. The Court shall determine whether a party has completely fulfilled all its obligations under this agreement in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. If the Court determines that the defendant has breached the plea agreement, the government may declare this agreement null and void, and the defendant will be subject to prosecution for any criminal violation, including but not limited to any crimes or offenses contained in or relating to the charges in this case, as well as false statement, obstruction of justice, or any other crime committed by the defendant during this prosecution.

The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from the guilty plea or this agreement, save and except if the Court determines that the government has breached the plea agreement as set forth above. If JUAN ANTONIO DURAN, after entry of a plea of guilty, unsuccessfully attempts to withdraw that guilty plea, the government may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement, unless the Court determines that the government acted in bad faith to bring about the attempted plea withdrawal.





J.D

Defendant's Initials

**15. Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as it does in every case, even if there are no additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

| | |
|---|---|
| JOHN BRASHER<br>Assistant United States Attorney | 11/4/2024<br>Dated |
| JASON PERKINS<br>Attorney for Defendant | 04NOV24<br>Dated |
| Juan Duran<br>JUAN ANTONIO DURAN<br>Defendant | 04Nov24<br>Dated |

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Juan Duran — 04Nov24

JUAN ANTONIO DURAN
Defendant

Dated

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

04Nov 24

JASON PERKINS
Counsel for the Defendant

Dated



Revised 10-17-22

J.D.
Defendant's Initials