IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| PLAINTIFF, | | |
| V. | | **23-CR-196-JFH** |
| | | **JUDGE HEIL** |
| CESAR DAVID LOPEZ, | | |
| DEFENDANT. | | |

**DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**

COMES NOW, Defendant, by and through his counsel of record, and in accordance with LCrR32-5, hereby moves for the Court to grant a downward variance from the advisory guidelines.

**DEGREE OF RELIEF REQUESTED**

The Presentence Investigation Report ("PSR") calculates Defendant Lopez's Total Offense Level at twenty-six (26). Based on Defendant Lopez's history, a number of twenty-six equates to a range of 63 to 78 months. For the reasons set forth below, Defendant Lopez requests a downward variance.

**GENERAL SENTENCING LAW**

The sentencing judge "shall impose a sentence sufficient, but not greater than necessary," to accomplish the purposes of sentencing. 18 U.S.C. § 3553(a). Those purposes include the need for the sentence imposed:

i.    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

ii.   to afford adequate deterrence to criminal conduct;

1

**iii.**     to protect the public from further crimes of the defendant; and

**iv.**     to provide the defendant with needed educational or vocational training, medical care, or

other correctional treatment in the most effective manner. *Id.*

In determining the specific sentence to be imposed, the sentencing judge must consider:

**i.**     the nature and circumstances of the offense and the history and characteristics of the

defendant;

**ii.**     the need for the sentence imposed to accomplish the purposes of sentencing;

**iii.**     the kinds of sentences available;

**iv.**     the kinds of sentence and the sentencing range established for the applicable category of

offense committed by the applicable category of defendant as set forth in the guidelines;

DISCUSSION OF FACTORS AND ARGUMENTS IN SUPPORT OF REQUESTED RELIEF

**I. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT.**

Defendant Lopez was, at the time of the indictment, a *blue-collar* construction worker in Tulsa.

He is an American citizen, but maintained relationships with other Hispanics that were Mexican

citizens and that frequently and routinely traveled between countries.

Defendant's associates realized Defendant was *easy going* enough — and foolish enough – to

do favors for them with little thought. Defendant's associates, and former friends, convinced

Defendant that for comparatively no money he should buy large caliber rifles using his American

citizenship. Defendant, unwisely, did as requested for a pittance. These large caliber rifles were

being transported by other individuals back to the cartel(s) in Mexico.

Defendant has no substantive history of crime, and particularly no history of violence. Moreover, Defendant's relevant charges were also non-violent – he was essentially a passenger and *straw purchaser* of weapons for his friends.

## II. THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE.

### I. SERIOUSNESS OF THE OFFENSE.

Cartel violence is a serious problem. And facilitating cartels with otherwise unobtainable weapons is a federal crime. However, Defendant Lopez is not accused of being a cartel member and he is not accused of perpetrating a violent a crime. As stated, his crime is foolishly associating with devious colleagues and posing as a straw purchaser.

### II. RESPECT FOR THE LAW.

Defendant has always respected the law. Except for insignificant charges as a juvenile, Defendant Lopez has respected the law. Certainly, this experience has already increased his respect for the law.

## III. TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT AND TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT.

Defendant asserts that serving years in the Federal Penitentiary is consistent with the system's intent to deter criminal conduct. Particularly with the change in national administration, and the designation of the cartels as terrorist groups, the nation (and Defendant) is put on notice to not do business for the cartel.

## IV. THE KINDS OF SENTENCING AVAILABLE.

The sentencing available to Lopez based on 18 U.S.C. § 841 for his three counts is zero to fifteen years. While Lopez's guidelines range from 63 to 78 months, said amount is unnecessary

to accomplish the ends of justice. Based on his relative minimal involvement, Defendant respectfully asserts that his sentence be varied to 36 months in custody, to include time served.

## CONCLUSION

Sentencing guidelines are advisory, not mandatory. *United States v. Booker*, 543 U.S. 220, 259 (2005). Though the sentencing judge must begin his sentencing analysis by correctly calculating and considering the advisory sentencing guidelines, he must not end his analysis after having done so. *Rita v. United States*, 551 U.S. 338, 351 (2007).

The advisory sentencing guidelines are but one of seven sentencing factors. In *Gall v. United States*, the Court emphasized the sentencing judge's duty to thoughtfully evaluate all the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence for a defendant. 552 U.S. 38, 49-50 (2007).  Rather than presuming that the advisory sentencing guidelines will result in a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing, the sentencing judge must conduct an "individualized assessment" of the case by considering "all of the 3553(a) factors." *Gall*, 552 U.S. at 4950.

After having conducted his individual assessment, the sentencing judge may properly conclude that a sentence outside the advisory sentencing guidelines range is appropriate because the instant case falls outside the "heartland" of cases to which the Sentencing Commission intends the advisory sentencing guidelines to apply, because the advisory sentencing guidelines fail properly to reflect § 3553(a) considerations, or because the case warrants a different sentence regardless. *Rita*, 551 U.S. at 351. Throughout his analysis, the sentencing judge must not presume that a sentence within the advisory sentencing guidelines range should apply. *Nelson v. United States*, 555 U.S. 350, 352 (2009).

Defendant committed a crime as straw man purchaser for people much smarter and more devious then him. He was taken advantage of by his former friends. He is a convicted felon now and thirty-six (36) months serves the ends of justice.

WHEREFORE, for the reasons set forth above, Defendant Lopez requests a downward variance to a range of thirty-six months incarcerated, and other relief the court deems appropriate.

Zachary Enlow, OBA #34144
2626 E. 21st St. Ste 1.
Tulsa, OK, 74114.
zach@enlow.law
918.583.8205.

Certificate of Service

I certify that on the date of filing, I transmitted the foregoing document to the clerk of court using the ECF system for filing.

s/ Zach Enlow

6